FILED - USDC -NH
2023 JAN 23 AM 11:12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMSPHIRE

Pinto-Franceschi Rafael
v.
Warden, FCI Berlin

## EMERGENCY MOTION FOR HABEAS CORPUS PER U.S.C § 2241

Petitioner, Pro se, an inmate with the Federal Bureau of Prisons at the Berlin Federal Correctional Institute in Berlin, New Hamsphire, submits this motion for habeas corpus per 28 U.S.C § 2241 and states the following.

Petitioner prays that this motion be liberally construed and held to a "less stringent standard than those drafted by attorney's." Haines v. Kerner, 404 U.S. 519,520, 30 L.Ed 2d 652, 92 S.Ct 594(1971); see also Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8,15 (1st Cir.1990).

### BACKGROUND

Petitioner was convicted of Conspiracy to commit wire fraud in case number 4:19-CR-000135-001 with a projected release date of March 4th, 2023.

Petitioner has earned more than enough FIrst Step Act Earned Time Credit 18 U.S.C § 3624(a)(4) through successful completion of Evidenced Based Recidivism Reduction (EBRR) programming and Productive Activities (PA) that should have ensured Petitioner's release long before the writing of this motion and the continued incarceration of Petitioner violates his liberty interest.

### RELEVANT FACTS AND CLAIMS

Petitioner respectfully requests this court to enter a judicial recommendation with an order for the BOP to credit his Earned Time Credit pursuant to the FSA legislation of 2018. Petitioner avers that he ought to have been released from custody had his Earned Time Credit been applied. Hence this emergency motion based on Extraordinary Circumstance, nothing that attempting to exhaust administrative remedies would be prejudicial and futile as Petitioner has served beyond his sentence and attempting to go through the process would further waste a significant amount of time, which is to the detriment of Petitioner's liberty interest, at such, this mergency motion is ripe for review. See Pihl v. Mass. Dep't of Educ., 9 F.3d 184, 190(1st Cir.1993).

---

See 2022 U.S. Dist. LEXIS 181399 Moody v. Gubbiotti(3rd Cir.2022) (Court ruling a detainer does not preclude an inmate from earning early release and ordering BOP to credit time towards Supervised release.

1

The Supreme Court recognizes "three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion." McCarthy v. Madigan, 503 U.S. 140, 117 L.Ed 291, 112 S.Ct. 1081 (1992) at 144-45; see also Campbell v. Chadbourne, 505 F.Supp. 2d 191, 2007 U.S. Dist. LEXIS 65150 (D.Mass. 2007) 197-198. They Include:

(1) [W]here such requirement would subject an individual to an unreasonable or indefinite timeframe for admin action.
(2) Where admin agency lacks the competence to resolve the particular issue presented, or
(3) The exhaustion of admin remedies would be futile because the admin body is shown to be biased or has predetermined the issue before it. Shurney v. I.N.S., 201 F.Supp.2d 783,789 (N.D.Ohio 2001) (citing McCarthy v. Madigan, 503 U.S. at 146-48) Here in this instant emergency case, all three circumstances apply.

STANDARDS

Federal Rules of Civil Procedure 56 states, as to a party who has moved for summary judgement. "The court shall grant summary judgement if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law."

## MERITS OF FIRST STEP ACT EARNED TIME CREDIT CLAIM

Petitioner avers that there is nothing in the FSA legislation that precludes inmates with detainers from being eligible for the FSA but the Berlin, FCI has falsely alleged that Petitioner is ineligible to earn ETC towards early release, thereby depriving him of his liberty interest, also violating the spirit of the FSA legislation. While the FSA ETC can be applied towards pre-release custody or supervised release per 18 U.S.C § 3624(g), there is nothing whatsoever that makes an inmate with a detainer ineligible from earning ETC, the only criteria in the legislation that makes an inmate ineligible are certain charges under 18 U.S.C § 3632(d) which Petitioner was not convicted of. By the plain text of the statute, Petitioner is eligible for FSA ETC application towards early release. The B.O.P's wrong and false construction here is

a violation of Petitioner's constitutuonal right. Based on recent court ruling regarding this subject, it is a well-established fact that there is nothing whatsoever in the FSA legislation that supports the BOP's claim. Although Petitioner has a detainer with ICE, he is however not a subject of a final deportation order. The only criteria the legislation precludes are certain charges which Petitioner was not convicted of. By the plain text of the statute, Petitioner is eligible for application of the FSA Earned Time Credit towards early transfer to supervised release. The BOP's construction of this legislation is at best incongruos and at worst, legerdemain.

Both Equal Protection and Due Process emphasizes the central aim of our judicial system - all people charged with a crime must, so far as the law is concerned, "stand on equality before the bar of justice." Chambers v. Florida, 309 U.S 227, 241 84 L.Ed 716, 60 S.Ct 472. See also Yick Wo v. Hopkins, 118 U.S 356, 369, 30 L.Ed 220, 226, 6 S.Ct 1064. 42 U.S.C §§ 1981 and 1985(3) of the constitution ensures that "All persons within the jurisdiction of the United States shall have the same right and to the full and equal benefit of all laws and shall be subject to like punishment, pain, penalties, exactions of every kind and to no other.

Deprivation of Petitioner's ETC does not comport with fundamental fairness, is discriminative, brings about an unwarranted disparity and violates Petitioner's due process right as BOP is enforcing a void order of removal which petitioner does not possess, thereby violating his due process rights.

The BOP's fraudulent handling of the FSA legislation violates Petitioner's liberty interest. A court that recently ruled on this subject ruled that an inmate with a detainer is not ineligible under 18 U.S.C § 3632(d)(4)(E)(i) or (ii) from receiving or earning FSA time credits because he is not subject to a final order of removal, granting immediate release. See 2023 U.S. Dist. LEXIS 6938 (W.D.Wash.Jan 13,2023) Sierra v. Jacquez, Case No. 2:22-cv-01509 U.S. Dist. LEXIS 234535 (W.D.Wash.Dec 27,2022). The court's ruling is not an isolated ruling as the 1st Circuit also recently ordered that a defendant in the district Jerry Komando be creditted with his Earned Time Credit.

Petitioner ought have been released long before the writing of this motion and Petitioner prays that this honorable court expedite this motion on the basis that any further delays would be injurious to Petitioner, bearing in mind that he should have been released from custody as at the time of this writing. Petitioner prays that this court immediately order the Government to respond to this motion in 1 (one) week.

CONCLUSION

Based on the foregoing, Petitioner respectfully requests that this emergency motion for Habeas Corpus under 28 U.S.C § 2241 be granted. Petitioner also respectfully requests that this honorable court in the interest of justice and fairness expedite its decision as well.

Respectfully Submitted
/s/ _____
Pinto-Franceschi Rafael

Dear Clerk,
    This is to notify you that a family member of mine will be contacting the court to make payment for the filing fee of this emergency motion. Thank You.

RAFAEL PINTO (19688-104)
FEDERAL CORRECTIONAL INSTITUTION BERLIN
P.O. BOX 9000
BERLIN NH, 03570



⇔19688-104⇔
The Clerk Us District Court
55 Pleasant ST
Concord, NH 03301
United States

03301-394135
